IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JASON COLEMAN, | Case No. 12-05981 SC |
| Plaintiff, | ORDER GRANTING MOTION TO DISMISS AND DENYING MOTION FOR SANCTIONS |
| v. | |
| TEAMSTERS LOCAL 853, and DOES 1-50, | |
| Defendants. | |

Now before the Court is Defendant Teamsters Local 853's ("Defendant") motion to dismiss and motion for sanctions. ECF Nos. 16, 18. Though Plaintiff Jason Coleman ("Coleman") declined to file an opposition to the motions, the issues presented are straightforward and, thus, amenable for determination on the merits without further briefing or oral argument, per Civil Local Rule 7-1(b). For the reasons set forth below, the motion to dismiss is GRANTED, and the motion for sanctions is DENIED.

Plaintiff brings this action, pro se, in connection with his termination by Southern Wine & Spirits of California, Inc. ("Southern"). Plaintiff alleges that the termination was wrongful and sought assistance from Defendant, which had agreed to represent Plaintiff in all matters dealing with his employment by Southern.

ECF No. 1 ("Compl.") ¶¶ 11, 30. Plaintiff further alleges that Defendant failed to assist Plaintiff with his grievance, and that Defendant's failure to act was motivated by racial bias. Id. ¶¶ 30, 37. Plaintiff now asserts causes of action for (1) discrimination based on race in violation of 42 U.S.C. § 1981, and (2) intentional infliction of emotional distress.

This is not the first time that Plaintiff has sued Defendant in connection with his termination. In 2010, Plaintiff filed a similar discrimination suit against Defendant, along with Southern and one of Defendant's representatives. The case was initially filed in California Superior Court and subsequently removed to federal court and assigned to the undersigned. Coleman v. Southern Wine & Spirits of California Inc., Case No. 11-00501 SC (N.D. Cal.) ("Coleman I"). In the First Amended Complaint filed in Coleman I, Plaintiff asserted eleven causes of action, including causes of action for discrimination and intentional infliction of emotional distress. MTD Ex. A ("FAC"). The facts underlying these claims are identical to those underlying Plaintiff's claims in the instant action. On November 14, 2011, the Court granted Defendant's motion to dismiss and dismissed with prejudice Plaintiff's claims for discrimination and intentional infliction of emotional distress. MTD Ex. B ("Nov. 13, 2011 Order") at 12. The Court also denied Plaintiff's request for leave to amend to allege a claim under 42 U.S.C. § 1981. Id. at 13. Plaintiff later stipulated to dismiss his entire action with prejudice. MTD Ex. C.

Since the instant action involves the same parties, the same subject matter, and the same causes of action as Coleman I, Plaintiff's claims are barred by res judicata. Res judicata, also

known as claim preclusion, bars successive litigation of the same claims following a final adjudication on the merits. Amadeo v. Principal Mut. Life Ins. Co., 290 F.3d 1152, 1159 (9th Cir. 2002). The doctrine applies where there is "(1) an identity of claims, (2) a final judgment on the merits, and (3) identity or privity between parties." Western Radio Servs. Co. v. Glickman, 123 F.3d 1189, 1192 (9th Cir. 1997). As to the first condition, there is an identity of claims since the instant action and Coleman I arise out of the same transactional nucleus of facts. See Frank v. United Airlines, Inc., 216 F.3d 845, 851 (9th Cir. 2000). With respect to the second condition, the November 14, 2011 Order and Plaintiff's voluntary dismissal with prejudice in Coleman I operate as final judgments on the merits. See Concha v. London, 62 F.3d 1493, 1507-08 (9th Cir. 1995). As to the third condition, both Plaintiff and Defendant were parties to Coleman I. Accordingly, Defendant's motion to dismiss is GRANTED.

Defendant also moves for sanctions pursuant to Federal Rule of Civil Procedure 11. "[Rule 11] provides for the imposition of sanctions when a filing is frivolous, legally unreasonable, or without factual foundation, or is brought for an improper purpose." Estate of Blue v. Cnty. of L.A., 120 F.3d 982, 985 (9th Cir. 1997). "When a reasonable investigation would reveal that a claim is barred by res judicata or collateral estoppel, for example, Rule 11 sanctions may be imposed within the district court's discretion." Id. The analysis is slightly different where, as here, a plaintiff proceeds pro se, since "arguments that a lawyer should or would recognize as clearly groundless may not seem so to the pro se [litigant]." Pryzina v. Ley, 813 F.2d 821, 823-24 (7th Cir. 1987).

3

While the Court might be inclined to impose Rule 11 sanctions if Plaintiff were represented by counsel, the present circumstances call for more leniency.[1]  Accordingly, Defendant's motion for sanctions is DENIED.

For the foregoing reasons, Defendant Teamsters Local 853 motion to dismiss is GRANTED, and this action is DISMISSED WITH PREJUDICE.  Defendant's motion for sanctions is DENIED.

IT IS SO ORDERED.

Dated:  July 18, 2013

_____
UNITED STATES DISTRICT JUDGE

---

[1] The Court does not mean to imply that Rule 11 sanctions are never available against pro se litigants.  Indeed, the case law holds otherwise.  See Farguson v. MBank Houston, N.A., 808 F.2d 358, 359 (5th Cir. 1986) ("That his filings are pro se offers [plaintiff] no impenetrable shield, for one acting pro se has no license to harass others, clog the judicial machinery with meritless litigation, and abuse already overloaded court dockets.").